IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GERALDINE KLEIN,

          Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

          Defendants.

Case No. 3:15-cv-134

Judge Thomas M. Rose

_____

**ENTRY AND ORDER GRANTING DEFENDANTS' MOTION TO
SUBSTITUTE THE UNITED STATES AS A PARTY DEFENDANT FOR
THE SIX INDIVIDUAL DEFENDANTS AND PARTIAL MOTION TO
DISMISS AGAINST ALL DEFENDANTS (DOC. 14)**
_____

This case is before the Court on Defendants' Motion to Substitute the United States as a Party Defendant for the Six Individual Defendants and Partial Motion to Dismiss Against All Defendants ("Motion") (Doc. 14).  Plaintiff Geraldine Klein ("Klein") filed a memorandum in opposition (Doc. 17) to the Motion, in response to which Defendants have filed a reply (Doc. 19). The Motion is therefore fully briefed and ripe for the Court's review.  For the reasons set forth below, the Court **GRANTS** the Motion in its entirety.

## BACKGROUND

### A. The Complaint

On April 14, 2015, Klein filed the Complaint in this lawsuit.  (Doc. 1.)  Klein alleges that she was formerly employed as an Acquisition Program Manager at Wright Patterson Air Force Base.  (*Id.* at ¶ 20.)  Klein alleges that she has "cold-induced asthma" and is "highly allergic to mold."  (*Id.* at ¶ 22.)  As a result, when exposed to mold, Klein suffers from "severe allergic

asthma which can be fatal resulting in status asthmaticus, pneumonia, and other life-threatening conditions." (*Id.*) Klein alleges that she was approved for a "medical telework (working from home or tele-commuting) accommodation plan for cold-weather telework and other adverse environmental conditions," including mold. (*Id.* at ¶ 23.) The plan was allegedly "formalized" on or around May 30, 2014, but then revoked on July 23, 2014. (*Id.* at ¶¶ 24, 29.) Klein claims that her supervisors at Wright Patterson Air Force Base failed to accommodate her medical conditions by refusing to permit her to work from home during cold weather and requiring her to work in buildings where mold was present. (*Id.* at ¶¶ 170-80.) Klein alleges that, among other damages, she has lost significant income because she was unable to come to work. (*Id.* at ¶ 75.)

On November 5, 2014, Klein was notified that she would be marked absent without leave if she did not return to work, notwithstanding her alleged medical conditions. (*Id.* at ¶ 76.) Klein was formally ordered to return to work, failed to do so, and was marked absent without leave. (*Id.* at ¶ 77.) After a medical review of her records, Klein's employment with the Air Force was terminated on April 3, 2015. (*Id.* at ¶¶ 85-96.)

Klein also claims to have suffered damages because she was required to work for a supervisor, Defendant Lt. Colonel Ted Bloink, who was allegedly arrested on charges of soliciting a prostitute. (*Id*. at ¶¶ 26, 33.) Klein requested to be transferred to another supervisor, but her request was denied. (*Id.* at ¶¶ 35-36.)

On March 22, 2014, Klein filed a complaint with the Equal Employment Opportunity Commission ("EEOC") relating to her assignment to work under Defendant Bloink. (*Id.* at ¶ 100.) Klein alleges that the internal administrative EEO process has not been completed. (*Id.* at ¶ 104.)

Klein asserts seven causes of action against nine Defendants: (1) Negligence, (2) Civil

Assault, (3) Intentional Infliction of Emotional Distress, (4) Civil Conspiracy, (5) Violation of the Americans with Disabilities Act of 1990 ("ADA") and/or the Rehabilitation Act, (6) Civil Fraud, and (7) Hostile Workplace.[1]  Each of the seven causes of action are asserted against all Defendants.  Defendants are: (1) the United States of America, (2) Deborah Lee James, Secretary of the Air Force, (3) General Janet Wolfenbarger (Air Force), (4) Lt. Colonel Ted Bloink (Air Force), (5) Lt. Colonel John Linnette (Air Force), (6) Daniel L. Brumfield (a "branch chief" in the Air Force), (7) Charles Crawford, III (Klein's "first-level supervisor), and (8) Don Keith (the "direct superior" of Defendant Bloink).  (Doc. 1 at ¶¶ 11-18.)  Defendants James, Wolfenbarger, Bloink, Linnette, Brumfield, Crawford, and Keith are referred to collectively as the "Individual Defendants" in this Order.

### B. Defendants' Motion

Defendants seek two forms of relief from the Court:  substitution of the United States as a Party Defendant for the Individual Defendants named in the Complaint, and dismissal of Klein's causes of action for negligence, civil assault, intentional infliction of emotional distress, civil conspiracy, civil fraud, and hostile workplace as to all Defendants.  (Doc. 14.)  Defendants thus seek dismissal of all of Klein's claims, with the sole exception of Klein's claim for failure to accommodate her medical conditions.  Defendants seek dismissal of the failure to accommodate claim only to the extent that it is asserted under the ADA, but do not object to the claim proceeding against Defendant James, Secretary of the United States Air Force, under the Rehabilitation Act. (*Id.* at 19.)

---

[1] Klein asserts seven causes of action, but there is no "Sixth Cause of Action" alleged in the Complaint.  As a result, the seven causes of action are alleged as the First through Fifth Causes of Action, and then the Seventh and Eighth Causes of Action.  (Doc. 1 at ¶¶ 115-240.)

## ANALYSIS

### A. Substitution of the United States for the Individual Defendants

Klein asserts five tort claims against the Individual Defendants. Defendants argue that the Individual Defendants, as federal employees, are immune from claims based on torts allegedly committed within the course of their employment under the Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the Westfall Act). Defendants are correct.

Under the doctrine of sovereign immunity, the United States is immune from suit unless it expressly waives its sovereign immunity and consents to be sued. *Mackey v. United States*, 247 F. App'x 641, 643 (6th Cir. 2007) (citing *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980)). The United States provided such a waiver and consent to be sued in the Federal Tort Claims Act ("FTCA"), which provides that:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

18 U.S.C. § 2674.

In 1998, the FTCA was amended by the Westfall Act to provide protections to federal employees whose negligent or wrongful acts in the course of their employment cause an injury. The Westfall Act provides, in relevant part:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. **Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the**

4

> **employee or the employee's estate is precluded without regard to when the act or omission occurred**.

28 U.S.C.A. § 2679(b)(1) (emphasis added).  Thus, the Westfall Act provides that the FTCA, with the United States as a defendant, is the exclusive remedy for common law torts committed by federal employees acting within the scope of their employment.  *See Sullivan III v. Shimp*, 324 F.3d 397, 399 (6th Cir. 2003).

To determine if Klein's tort claims against the Individual Defendants are precluded by the Westfall Act, the Court must determine whether they are alleged to have committed the tortious conduct in the course of their federal employment.  The parties do not dispute that the Individual Defendants are federal employees.  *See* 28 U.S.C. §§ 2671 (defining "employee of the government").  The question of whether an employee acted within the scope of his employment "is a question of law, not fact, made in accordance with the law of the state where the conduct occurred."  *Sullivan*, 324 F.3d at 399 (quoting *Singleton v. United States*, 277 F.3d 864, 870 (6th Cir. 2002).  Here, the allegedly tortious conduct occurred in Ohio.  "Under Ohio law, an employee acts within the scope of his employment 'when the act can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of the service to be rendered, or a natural, direct, and logical result of it.'"  *Id.* (quoting *Posin v. A.B.C. Motor Court Hotel, Inc.*, 45 Ohio St.2d 271, 344 N.E.2d 334, 339 (1976)); *see also Martinek v. United States*, 254 F. Supp. 2d 777, 783 (S.D. Ohio 2003) (conduct within the scope of employment is (1) of the kind which the employee is employed to perform; (2) occurs substantially within the authorized limits of time and space; (3) and is actuated, in part, by a purpose to serve the employee).

In this case, the United States Attorney for the Southern District of Ohio has certified that the Individual Defendants were acting within the scope of their employment:

5

> Pursuant to 28 U.S.C. § 2679(d), and by virtue of the authority vested in me by the Attorney General of the United States under 28 C.F.R. § 15.3, I certify, on the basis of the information now available, that General Janet Wolfenbarger, Lieutenant Colonel Ted Bloink, Charles A. Crawford III, Dan Brumfield, Don Keith, and Lieutenant Colonel John Linnett were acting within the scope of their employment as employees of the United States Air Force, a Federal Agency as defined by 28 U.S.C. § 2671, at the times of the alleged incidents out of which Plaintiff's claims against them arose.

(Doc. 14-1.) The United States Attorney's certification is *prima facie* evidence that the employees' conduct was within their scope of employment. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996); *Coleman v. United States*, 91 F.3d 820, 823 (6th Cir. 1996).

Moreover, the Complaint's allegations regarding the Individual Defendants describe conduct falling within the scope of their employment under Ohio law.

Defendant Bloink:  The Complaint expressly alleges that Bloink was Klein's "direct supervisor" at WPAFB (Doc. 1 at ¶ 17) and "was acting within his job function when the events comprising the lawsuit took place."  (*Id.* at ¶ 11.)  Bloink is alleged to have "made reprisals involving [Klein's] need for medical telework" and to have failed to timely process Klein's medical telework plan request.  (*Id.* at 27.)

Defendant Brumfield:  Brumfield is allegedly employed by the United States and Secretary of the Air Force as a branch chief.  (*Id.* at ¶16.)  Brumfield is alleged to have changed Klein's work duties, assigned her to work with Bloink, and denied her request to be transferred away from him.  (*Id.* at ¶¶ 28, 36.)  He is also alleged to have been involved in the denial of Klein's accommodation request and to have been the "decision maker" regarding the termination of her employment.  (*Id.* at ¶¶ 45, 97.)

Defendant Crawford: Crawford was Klein's first-level supervisor. (*Id.* at ¶ 15.) Crawford allegedly "formalized" Klein's medical and routine telework plan and, along with Brumfield, is alleged to have assigned Klein to work with Bloink. (*Id.* at ¶¶ 14, 29.) When Klein suffered asthma attacks due to her medical conditions, she reported them in writing to Crawford. (*Id.* at ¶ 39.) Crawford is also alleged to have "refused to approve" Klein's medical telework plan and to have created false documentation to use as a basis to order Klein to return to work. (*Id.* at ¶¶ 41, 51.)

Defendant Keith: Keith was a direct superior of Bloink and became a subordinate of Brumfield. (*Id.* at ¶ 17.) Keith allegedly assigned Klein to work for Bloink in August 2014 and is alleged to "have known of" Klein's accommodation telework plan. (*Id.* at ¶ 25, 40.)

Defendant Linnette: Linnette was the medical doctor at WPAFB who allegedly performed a medical review of records relating to Klein's accommodation request and "issued an opinion on [Klein's] overall condition." (*Id.* at ¶¶ 85, 88.) Klein alleges that Linnette's opinion "misrepresented critical, life-saving, known medical and industry protocols for [an] allergic asthmatic patient." (*Id.* at ¶ 89.)

Defendant Wolfenbarger: Wolfenbarger, an Air Force General, was the superior of Brumfield, Keith, and Linnette. (*Id.* at ¶ 14.) Klein alleges that she notified Wolfenbarger of Bloink's arrest for soliciting a prostitute and requested to be reassigned away from Bloink. (*Id.* at ¶ 27.) Wolfenbarger is primarily alleged to be liable as a supervisor to other employees (see, *e.g.*, *id.* at ¶ 106), but also to have been responsible for delay in processing Klein's EEO complaint. (*Id.* at ¶ 112.)

Based on the United States' Attorney's certification and Complaint's allegations, the Individual Defendants are alleged to have acted within the scope of their employment.

The Court rejects Klein's argument that the Individual Defendants did not act within the scope of their employment because their conduct was "intentional, egregious, and tortious." (Doc. 17 at 21 (citing *Sampson v. Cuyahoga Metro. Hous. Auth.*, 2010-Ohio-3415, 188 Ohio App. 3d 250, 935 N.E.2d 98, aff'd, 2012-Ohio-570, ¶ 3, 131 Ohio St. 3d 418, 966 N.E.2d 247).) The *Sampson* case dealt with the question of whether the Cuyahoga Metro Housing Authority ("CMHA") and three of its employees were immune from liability for intentional tort claims brought by a former employee under Ohio's "Political Subdivision Tort Liability" statute. 2010-Ohio-3415 at ¶ 21. The statute provided that political subdivisions were not liable in damages in a civil action based on an act or omission "in connection with a governmental or proprietary function." *Id.* at ¶ 22 (quoting Ohio Rev. Code § 2744.02). Under an exception, however, a political subdivision could be held liable in "[c]ivil actions by an employee . . . against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision." *Id.* at ¶ 23 (quoting Ohio Rev. Code § 2744.09(B)). The CMHA argued that the plaintiff's intentional tort claims did not arise out of his employment relationship, and therefore did not fall within the statutory exception.

Rejecting this argument, the court of appeals disagreed with the notion that, as a "broad proposition of law," conduct underlying an intentional tort cannot arise out of an employment relationship under § 2744(B). *Id.* at ¶¶ 30-34. Instead, the court of appeals analyzed the specific facts alleged to determine whether the defendants' conduct fell within the scope of their employment – applying the same standard that this Court applied above. *Id.* at ¶¶ 35-37.

The Court does not see why *Sampson* is relevant to its consideration of whether the Individual Defendants' alleged conduct was within the scope of their employment. The analysis in *Sampson* is limited to the construction of Ohio Rev. Code §§ 2744.02 and 2744.09(B). Those

8

statutes are not at issue in this case.  Nor is the Court aware of any other reason why the construction of an Ohio statute regarding political subdivision liability would be applicable to this Court's assessment of federal employees' immunity from suit under the Westfall Act.   Moreover, *Sampson* does not even support Klein's argument that "intentional, egregious, and tortious" conduct cannot be found to be within the scope of the Individual Defendants' employment under Ohio law.  To the contrary, *Sampson* holds that, in some circumstances, the conduct underlying intentional torts committed by political subdivision employees ***can*** be within the scope of their employment.  Here, the alleged conduct underlying the tort claims falls within the scope of the Individual Defendants' employment.  Thus, under the Westfall Act, Klein's claims based on that conduct may be brought against only the United States.  28 U.S.C.A. § 2679(b)(1).  There is nothing in *Sampson*, even if it did apply here, that is inconsistent with either of these conclusions.  The Court will grant Defendants' motion to substitute the United States as a Defendant for the Individual Defendants on Klein's tort claims.

Klein also asserts claims against the Individual Defendants for failure to accommodate under the ADA or Rehabilitation Act (Fifth Cause of Action) and for hostile workplace under Title VII (Eighth Cause of Action).  (Doc. 1 at ¶¶ 165-189, 222-240.)  As discussed *infra* at page 15, Klein does not have a cause of action under the ADA against any Defendant and her failure to accommodate claim must proceed, if at all, under the Rehabilitation Act.  When a claim is asserted under both the Rehabilitation Act and Title VII, the proper defendant is "the head of the department, agency or unit" in which the alleged discriminatory acts occurred.  *See* 42 U.S.C. § 2000e-16(c) (in a civil action brought by employee under the Civil Rights Act, "the head of the department, agency, or unit, as appropriate, shall be the defendant"); 29 U.S.C. § 794(a)(1) ("The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C.

9

2000e-16) . . . shall be available, with respect to any complaint under section 791" of the Rehabilitation Act). Here, the Secretary of the Air Force is the proper defendant on Klein's claims under the Rehabilitation Act and Title VII. Klein's Fifth and Eighth Causes of Action are therefore dismissed as to the Individual Defendants.

### B. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants move to dismiss Klein's tort claims as to all Defendants under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Defendants' arguments are that (1) all of Klein's tort claims are barred by her failure to exhaust her administrative remedies, and (2) her assault and fraud claims are also barred by the doctrine of sovereign immunity. (Doc. 14 at 11-15.)

Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) may be categorized as either a facial attack or factual attack on the sufficiency of the pleading. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Courts reviewing a facial attack accept a complaint's allegations as true; whereas, courts reviewing a factual attack need not presume the truth of the complaint's allegations. *Id.* The plaintiff has the burden of establishing the existence of subject matter jurisdiction. *Hedgepath v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000). A dismissal of a complaint under Rule 12(b)(1) is without prejudice. *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325.

The Court agrees that Klein's tort claims (the First, Second, Third, Fourth, and Seventh Causes of Action) are barred because she failed to exhaust her administrative remedies before bringing suit. (Doc. 14 at 12-13 (citing, among others, 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1990).)

Section 2675(a) of the FTCA states, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while

acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail**.

28 U.S.C. § 2675(a) (emphasis added).  A claimant will be deemed to have presented his or her claim in compliance with Section 2675(a) when the claimant submits a Standard Form 95 to the appropriate federal agency.  28 C.F.R. § 14.2(a).  Submitting a Standard Form 95, however, is not the only way to satisfy Section 2675(a).  Alternatively, the claimant may satisfy the statute's requirements by any means that "1) give[s] written notice of a claim sufficient to enable the agency to investigate the claim[,] and 2) place[s] a value (or 'sum certain') on the claim."  *Glarner v. United States Department of Veterans Administration*, 30 F.3d 697, 700 (6th Cir. 1994).

Klein concedes that she did not submit a Standard Form 95 for any of her tort claims, but nonetheless claims to have exhausted her administrative remedies by (1) submitting two letters to the Secretary of the Air Force "raising the claim of civil assault (and more)," and (2) providing "detailed monetary damages to EEO unit multiple times, with updates, as damages increased . . . ." (Doc. 17 at 31, n. 20.)  Alternatively, Klein argues that the United States should be equitably estopped from raising the Court's lack of subject matter jurisdiction as a defense.  (Doc. 17 at 32-33.)  Neither of Klein's arguments have merit.

The Complaint's allegations do not establish that Klein (1) gave written notice of her tort claims sufficient to enable the Air Force to investigate them, or (2) placed a value on her claims. *See Glarner*, 30 F.3d at 700.  Neither of the two letters (dated October 28, 2014 and November 7, 2014) that Klein claims to have sent to the Secretary of the Air Force are mentioned in the Complaint.  (Doc. 17 at 31, n. 20.)  Nor did Klein attach the letters to her Opposition or submit any other evidence establishing the letters' contents – which she could have done in opposition to

11

Defendants' Motion. *See Ohio Nat'l Life Ins.*, 922 F.2d at 325 (court has discretion to allow parties to supplement the record with affidavits or present other evidence to resolve jurisdictional question). Klein's assertion that she detailed the monetary damages for her tort claims through the EEO process is also unsupported. Klein directs the Court to paragraphs 36, 44, 50, 100, 110, and 114 of the Complaint, but those paragraphs do not allege what information, if any, Klein provided about her tort claims during the EEO process. (*See* Doc. 17 at 33; Doc. 1 at ¶¶ 100-101.) The conclusory assertions in Klein's Opposition are not evidence and do not meet her burden of establishing subject matter jurisdiction.

Klein's argument that the Government should be equitably estopped from raising her failure to exhaust her administrative remedies also fails. Klein notes that the doctrine of equitable estoppel may be invoked where a litigant has "lulled the plaintiff into believing that it was not necessary for him to commence litigation." (Doc. 17 at 32 (quoting *Cerbone v. ILGWU*, 768 F.2d 45, 50 (2d Cir.1985).[2]) Yet, Klein never cites to any evidence or allegations showing that any Defendant "lulled her into believing" that she did not have to exhaust her administrative remedies. Instead, Klein appears to re-assert the argument that her tort claims were raised through the EEO process. (Doc. 17 at 32-33.) As discussed above, there is no indication that she did so in the record.

It may be that Klein sufficiently presented her tort claims, in writing, to the Air Force to meet the jurisdictional requirements of 28 U.S.C. § 2675(a). Klein failed to allege such facts in her Complaint, however, and again failed to meet her burden in response to Defendants' Motion.

---

[2] The discussion of equitable estoppel in *Cerbone* contains the language quoted by Klein in her Opposition. The citation in Klein's Opposition, however, is missing the case name, reporter, volume number, court and publication date. As a result, the Court conducted a Westlaw search to determine which case Klein might be citing. Even if Klein intended to cite a different case, it would not affect the Court's ruling on Defendants' Motion.

Accordingly, the Court dismisses the First, Second, Third, Fourth, and Seventh Causes of Action of the Complaint as to all Defendants.

Even if Klein had exhausted her administrative remedies, her claims for assault and fraud would still be barred by sovereign immunity. The United States is subject to suit only insofar as it has consented to be sued. *See United States v. Sherwood*, 312 U.S. 584, 586-87 (1941). Any statute waiving the United States' sovereign immunity is strictly construed. *See Lane v. Pena*, 518 U.S. 187, 192 (1996). Congress' waiver of sovereign immunity under the FTCA for common torts was expressly limited by 28 U.S.C. § 2680. Under § 2680(h), the waiver of sovereign immunity does not apply to "[a]ny claim arising out of assault, battery . . . misrepresentation [or] deceit . . . ." 28 U.S.C. § 2680(h); *United States v. Shearer*, 473 U.S. 52, 54-55, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985). Thus, Klein's assault claim is expressly barred. Her fraud claim is also barred because it arises out of alleged misrepresentations and deceit by the Individual Defendants. *See Hiles v. Army Review Bd. Agency*, No. 1:12-CV-673, 2013 WL 1196594, at *7 (S.D. Ohio Mar. 25, 2013).

**C. Defendants' Motion to Dismiss For Failure to State a Claim**

Defendants move to dismiss the Second and Eighth Causes of Action (for assault and "hostile workplace," respectively) for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 14 at 15-16.) To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not enough. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. The factual allegations must be enough, however, to raise a right to relief above the speculative level. *Id.* at 1965.

To plead a claim of civil assault under Ohio law, a plaintiff must allege a "willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact." *Lloyd v. Rutledge*, Montgomery App. No. 21293, 2006-Ohio-6123, ¶ 7 (quoting *Brooks v. Lady Foot Locker*, Summit App. No. 22297, 2005-Ohio-2394, ¶ 18). A key element of assault is that the defendant "knew with substantial certainty that his or her act would bring about harmful or offensive contact." *Lloyd*, 2006-Ohio-6123 at ¶ 7 (quoting *Brooks*, 2005-Ohio-2394 at ¶ 18). "The threat or attempt must be coupled with a definitive act by one who has the apparent ability to do the harm or to commit the offensive touching." *Id*.

Klein's assault claim is based on allegations that Defendants "intentionally, willfully, maliciously, and continuously tried to force Plaintiff to return to work in a building which was flood/water damaged, where mold existed and where the air quality was not tolerable for the Plaintiff's physical disability." (Doc. 1 at ¶ 128.) Klein alleges that she was in "grave apprehension" because she was unable to breathe in the water-damaged complex, and did suffer a severe reaction when she was required to work in one such building. (*Id.* at ¶¶ 131-32.)

These allegations do not plausibly state a claim for assault under Ohio law. Klein has not alleged that she suffered any actual or threatened physical contact by any Defendant. Klein has not cited any authority suggesting that exposure to ambient mold is sufficient to satisfy this element. Nor does she allege any "definitive act" by anyone who had "the apparent ability to do the harm or to commit the offensive touching." Klein's claim for assault is also dismissed for failure to state a claim under Rule 12(b)(6).

Klein fails to state a claim for hostile workplace in her Eighth Cause of Action. Klein does not dispute Defendants' assertion that, in order "[t]o state a claim for sexual harassment, or hostile work environment based on sexual harassment, a plaintiff must show that she was actually

14

subjected to unwanted sexual conduct, based on her sex, that this conduct interfered with her work, and that the employer knew or should have known of the harassment yet failed to take action." (*See* Doc. 14 at 17 (quoting *Valentine-Johnson v. Roche*, 386 F.3d 800, 813-14 (6th Cir. 2004)); Doc. 17 at 34.)  Klein argues that her allegations are sufficient to state a claim and directs the Court to paragraphs 17, 25-36 of the Complaint.  These allegations do not plead a claim for hostile work environment based on sexual harassment.  Klein alleges only that it was "offensive to her gender [female] to be supervised by an officer who exploited women through 'trafficking in persons' prostitution." (Doc. 33.)  Nowhere in the Complaint does Klein allege that she was subjected to unwanted sexual conduct.  Klein's Eighth Cause of Action is dismissed for failure to state a claim under Rule 12(b)(6).

### D. Other Issues Raised By Defendants

Defendants raised two additional pleading deficiencies in the Complaint – neither of which are addressed in Klein's memorandum in opposition.

First, Defendants argue that Klein improperly alleges her Fifth Cause of Action under the Americans with Disabilities Act of 1990 ("ADA"), when it must be alleged under The Rehabilitation Act.  (Doc. 14 at 18-19.)  In some paragraphs of the Complaint, Klein appears to seek relief under both the ADA and the Rehabilitation Act.  (*See* Doc. 1, ¶¶ 4, 19, 22.)  In any event, as this Court has held in two prior cases where Klein's counsel represented other plaintiffs, Klein cannot state a claim against a federal government agency for failure to accommodate her medical condition under the ADA, but only under the Rehabilitation Act.  *See Hessel v. United States Postal Service*, Case No. 3:11-cv-14, *9 (S.D. Ohio December 22, 2011); *Delroy v. United States Postal Service*, Case No. 3:11-cv-449, *5 (S.D. Ohio May 14, 2012).  To the extent that Klein asserts claims in the Fifth Cause of Action under the ADA, they are dismissed.

Second, Defendants assert that Klein refers to Wright Patterson Air Force Base ("WPAFB") as a defendant in the Complaint, but did not name WPAFB as a party defendant. Defendants are correct. Defendants also argue that, under the FTCA, the United States (not WPAFB) "is the only proper defendant in a suit alleging negligence [or intentional torts] by a federal employee." (Doc. 14 at 18 (quoting *Allegeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990)). Under Title VII and the Rehabilitation Act, the only proper defendant is the Secretary of the Air Force. (Doc. 14 at 18 (citing 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1).) Thus, to the extent any claims are asserted against WPAFB, they must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion (Doc. 14) in its entirety and rules as follows:

- The United States is **SUBSTITUTED** as a Party Defendant for the Individual Defendants;

- The First, Second, Third, Fourth, Seventh, and Eighth Causes of Action are **DISMISSED** as to all Defendants;

- The Fifth Cause of Action is **DISMISSED** to the extent that it asserts a claim under the ADA, but it may proceed under The Rehabilitation Act as to only Defendant James, Secretary of the Air Force; and

- To the extent any claims are asserted against WPAFB, they are **DISMISSED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, November 4, 2015.

s/Thomas M. Rose
———————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE