UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GERALDINE KLEIN,

    Plaintiff,

vs.

SECRETARY OF THE AIR FORCE, *et al.*,

    Defendants.

Case No. 3:15-cv-134

Magistrate Judge Michael J. Newman
(Consent Case)

**ORDER DENYING PLAINITFF'S MOTION TO CHANGE VENUE (DOC. 21)**

This civil consent case is before the Court on Plaintiff Geraldine Klein's motion to change venue. Doc. 21. Defendants filed a memorandum in opposition to Plaintiff's motion. Doc. 25. Plaintiff did not file a reply memorandum and the time for doing so has expired. The Court has carefully considered Plaintiff's motion and Defendant's memorandum in opposition, and Plaintiff's motion to change venue is now ripe for decision.

Plaintiff, a former employee of the United States Air Force at Wright Patterson Air Force Base ("WPAFB") in Dayton, Ohio, asserts claims of disability discrimination against her former employer under the Rehabilitation Act, 29 U.S.C. § 701, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2003, *et seq*. Doc. 27 at PageID 229, 246-50. Although she chose to file her action in this Court, Plaintiff now moves to change venue to the Northern District of Ohio or, alternatively, to the Western Division of this Court in Cincinnati, Ohio. Doc. 21. Plaintiff argues that a change of venue is necessary because Defendant "is a well-known and established employer who employs thousands of residents and/or their family members throughout the Cincinnati, Dayton, Fairborn, and Beavercreek, Ohio area" and, thus, she asserts that it may be

nearly impossible to "find enough impartial individuals to sit on a jury in this matter." Doc. 21 at PageID 177.

Change of venue is governed by 28 U.S.C. § 1404, which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Courts generally transfer cases to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Pacific Life Ins. Co. v. U.S. Bank Nat'l Ass'n,* No. 1:15-cv-416, 2016 WL 223683, at *2 (S.D. Ohio Jan. 19, 2016) (citing *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964)). The party requesting a change of venue bears the burden of establishing the need for the requested change. *Id*. (citing *Kay v. Nat'l City Mortgage Co.,* 494 F. Supp.2d 845, 849-50 (S.D. Ohio 2007); *Jamhour v. Scottsdale Ins. Co.,* 211 F. Supp.2d 941, 945 (S.D. Ohio 2002)).

"Transfer under § 1404(a) turns on a two-pronged test: (1) whether the plaintiff could have brought the action in the transferee court; and (2) whether, on balance, the considerations of the parties and the interests of justice favor transfer." *Id*. Here, the Government concedes that this action could have been originally brought in both requested transferee courts. *See* doc. 25 at PageID 194-95; *see also* 42 U.S.C. § 2000e-5(f)(5) (stating that actions for employment discrimination under Title VII "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed"). Thus, the question in dispute is "whether the balance of public and private interest factors weighs strongly in favor of transfer." *Pac. Life Ins. Co.*, 2016 WL 223683, at *3. The Court finds that consideration of these factors do not weigh strongly in favor of transfer.

Although this seat of Court has heard a number of cases involving the United States Air Force as a result of its proximity to WPAFB, Plaintiff cites no case and points to no instance where a change of venue has been granted for the reasons advanced.  Although WPAFB, without dispute, significantly impacts the economy in the Dayton, Ohio region, the undersigned is not convinced that the Court would be incapable of -- or would even face a significant obstacle in -- empaneling a fair and impartial jury drawn from the counties within the Western Division of this Court at Dayton (Champaign, Clark, Darke, Greene, Miami, Montgomery, Preble, and Shelby).

Accordingly, Plaintiff's motion for a change of venue is **DENIED**.

**IT IS SO ORDERED.**

Date:  April 11, 2016                                             *s/ Michael J. Newman*
                                                                                            Michael J. Newman
                                                                                            United States Magistrate Judge